UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JADI L. BOUTIN, ET AL.** | **CIVIL ACTION NO. 20-1049** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED SPECIALTY INS. CO., ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge is the Motion to Remand filed by plaintiffs Jadi L. Boutin and Clemont Wilkerson ("plaintiffs') [Doc. 11], which has been referred by the district judge for report and recommendation. The motion is opposed by defendants United Specialty Ins. Co., Herian Brothers Trucking, Inc. and Manpreet Mandair (collectively, the "Herian defendants") [Doc. 15]. For the following reasons, it is RECOMMENDED that the motion to remand be DENIED.

### *Background*

This matter arises out of an automobile collision that occurred on July 18, 2019, on I-10 in Baton Rouge, Louisiana, when the plaintiffs' vehicle was struck from the rear by an eighteen-wheeler, which was being driven by Manpreet Mandair, in the course and scope of his duties as an employee of the eighteen-wheeler's owner, Herian Brothers Trucking, Inc. The vehicle was insured by United Specialty Insurance Company. At the time of the collision, the plaintiffs were also covered by

1

a policy that provided uninsured/underinsured motorist coverage issued by Louisiana Farm Bureau Insurance Company.

On July 9, 2020, the plaintiffs filed a petition for damages against Mandair, Herian Brothers, United Specialty, and Louisiana Farm Bureau in the Sixteenth Judicial District Court for the Parish of St. Martin, Louisiana. On August 13, 2020, Mandair, Herian Brothers, and United Specialty (hereinafter known collectively as the "removing defendants") removed the plaintiffs' lawsuit on the basis of diversity jurisdiction. Service was made on Louisiana Farm Bureau on July 27, 2020, however, Louisiana Farm Bureau did not consent to removal.

The plaintiffs filed the instant motion on September 11, 2020, arguing that Louisiana Farm Bureau is a Louisiana citizen whose citizenship destroys diversity jurisdiction.[1] In response, the removing defendants arguing that there is $1 million in underlying coverage under the United Specialty policy, and the plaintiffs have no reasonable basis for recovery against Louisiana Farm Bureau as the uninsured carrier. Thus, the removing defendants argue that Louisiana Farm Bureau was improperly joined, and its citizenship should be ignored for the purposes of removal.

---

[1] According to the Notice of Removal, Boutin is a Louisiana citizen; Wilkerson is a Louisiana citizen; United Specialty Insurance is a Texas corporation with its principal place of business in Texas; Herian Brothers is a California corporation with its principal place of business in California; and Manpreet Mandair is a California citizen. *See* Notice of Removal, Doc. 1. These facts are undisputed by the parties.

## *Legal Standard and Analysis*

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–1254 (5th Cir.1998). Therefore, the removing defendants must bear the burden to demonstrate improper joinder. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990).

Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir.2004). Since the removing defendants assert only the second aspect, they must show that there is no possibility of recovery by plaintiffs against the in-state defendant, Louisiana Farm Bureau, based on the factual allegations in the state petition. In other words, the removing defendants must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant even if the factual allegations of the state court petition are true. *Smallwood*, 385 F.3d at 576. When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood,* 385 F.3d at 573. The court is not required to determine whether the plaintiff will actually or even probably prevail on the merits of the claim but looks only for a possibility that the plaintiff might do so. *Guillory v. PPG Industries, Inc*., 434 F.3d 303, 309 (5th Cir.2005). Further, the petition as filed in state court controls the inquiry. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999). With respect to matters pleaded in state court, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff. *Guillory v. PPG Industries, Inc*., 434 F.3d at 308.

In the instant case, the plaintiffs aver that at the time of the collision, there were four people in the plaintiffs' vehicle: Clemont Wilkerson, Jadi Boutin, and Ms. Boutin's two minor children. The children's claims were settled prior to the filing of the state court lawsuit, for a total of $9,000.00. The plaintiffs argue that the million dollars in insurance coverage provided for by the United Specialty policy is a combined single limits policy, and assuming that no other claims have been paid under that policy, there remains a maximum of $991,000.00 in available insurance coverage for the claims of Wilkerson and Boutin. The plaintiffs argue that the removing defendants have not waived their coverage defenses and have not stipulated as to coverage, which presents the potential for recovery under the

Louisiana Farm Bureau policy, which has limits of $25,000.00.

Plaintiffs also argue that there is a factual question as to whether the plaintiffs' damages could exceed the available limits under the United Specialty policy. Wilkerson has alleged that he sustained multiple disc herniations in his thoracic and lumbar spine, as well as bulging discs in his cervical spine. To date, Wilkerson has received both cervical and lumbar steroid injections and is continuing to receive additional medical treatment for his injuries. Regarding Boutin's damages, she suffered multiple disc herniations in her cervical spine for which she has undergone chiropractic treatment and received cervical epidural steroid injections.

Prior to filing suit in state court, the plaintiffs presented a settlement demand to United Specialty for Wilkerson in the amount of $136,955.85. No settlement demand was presented for Boutin, however, in a separate letter to United Specialty, plaintiffs' counsel stated that Boutin's medical expenses totaled $16,276.00, and that she would be open to settlement offers.

The removing defendants argue that they have, in fact, waived coverage defenses, and that there is no factual question concerning the amount of the plaintiffs' damages. First, the removing defendants argue that the only reference to coverage under the United Specialty policy in defendants' Answer is in Paragraph 11, which states:

> The United Defendants deny the allegations of Paragraph 11 of Plaintiffs' Petition for Damages for lack of sufficient information to

5

> justify a belief therein, except to admit that Defendant United Specialty Insurance Company's alleged liability to Plaintiffs, if any, which is denied, is derived solely from the Policy issued for the benefit of Co-Defendants, Herian Trucking Brothers, Inc. and Manpreet Mandair (and for other insureds under the Policy), which Policy is limited by its terms, conditions, definitions, limitations, endorsements, and attachment and exhausting points, all of which are pleaded herein *in extenso*.[2]

The removing defendants argue that the assertion of policy terms, conditions, and limits, as defendant United has done in Paragraph 11 of its Answer, does not, as a matter of law, allow an insurer to deny coverage at a later time based on an exclusion. *Aunt Sally's Praline Shop, Inc.*, 2008 WL 2517137 at *2 (E.D. La. June 28, 2008); *see also Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213, 1216 (La. 1994). The removing defendants argue that they have not asserted any specific exclusions to coverage and have thereby waived exclusions to coverage, with the result that there is coverage for plaintiffs' claims under the United Specialty policy.

Furthermore, the removing defendants argue that United Specialty has further admitted that it has no coverage exclusion defenses to plaintiffs' direct action claims by appointing a single law firm to represent both United Specialty in the direct action and the other Herian defendants as insured in the negligence actions by plaintiffs. The removing defendants argue that were there any coverage dispute between United and the other Herian defendants (Herian Brothers Trucking, Inc. and

---

[2] Doc. 10, ¶11.

Manpreet Mandair) that could possibly allow United Specialty to avoid paying plaintiffs' claims, undersigned counsel would have an unwaivable conflict of interest and "divided loyalties" between United Specialty and the other Herian Defendants. *Storm Drilling Co. v. Atlantic Ritchfield Corp.*, 386 F.Supp. 830, 832 (holding that, under Louisiana law, the same attorney may not represent both the insured and the insurer where the insurer denies coverage or reserves its right to do so subsequently). Thus, United Specialty argues that it has admitted that there is no coverage issue on which to deny payment to plaintiffs by appointing undersigned counsel and not asserting coverage issues.

Finally, the removing defendants argue, based upon the settlement demand letters sent by plaintiffs' counsel to United Specialty in June 2020, the valuation of each plaintiff's claim is $150,000.00 or less.  The removing defendants cite *Leonard v. Sentry Select Ins. Co.*, 2016 WL 1393382 at *3 (M.D. La. Mar.11, 12016), arguing that pre-removal settlement letters are considered an "honest assessment of the value of plaintiffs' claims," to wit:

> Because the amount in controversy is not facially apparent, the court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through submission of summary judgment type evidence. **This court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal."** ***Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D.La.1995).** While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the

7

>amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston,* 693 F.Supp.2d 585, 595 n.8 (M.D.La.2010) (citing *Pollet v. Sears Roebuck and Co.,* 2002 WL 1939917, 46 Fed.Appx.. 226 (5th Cir.2002); *Hartford Insurance Group v. Lou–Con Inc.,* 293 F.3d 908 (5th Cir.2002); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994)). Accordingly, the court will consider whether Plaintiff's pre-removal settlement demand in this case evidences that the amount in controversy requirement was satisfied at the time of removal.

*Id.* (internal footnote omitted).

In June 2020, counsel for plaintiffs sent settlement demand letters on behalf of Boutin and Wilkerson to United Specialty [Doc. 1-3]. In the June 12, 2020 letter, plaintiffs' counsel stated that Boutin sustained disc herniations at C5-7 and C6-7 and that she had undergone chiropractic treatment and cervical epidural steroid injections. Boutin's medical special damages at that time totaled $16,276.00. Although Plaintiff's counsel did not make a specific settlement demand at that time, he advised that he would convey any settlement offers to Ms. Boutin. In a letter dated June 15, 2020, plaintiffs' counsel stated that Wilkerson sustained disc herniations at T1-2 and L5-S1 and bulging discs at C4-5 and C5-6. Wilkerson's medical treatment included a cervical epidural steroid injection at C6-7 and a lumbar epidural steroid injection at L5-S1. Wilkerson's medical special damages totaled $26,955.85, and counsel made a settlement demand of $136,955.85 for the resolution of Wilkerson's claims.

The removing defendants argue that Louisiana courts have established that an unoperated herniated disc has a general damages value ranging from $60,000 to $100,000 and provide a quantum analysis of similar cases. *See, e.g.*, *Franklin v. Allstate Prop. & Cas. Inc. Co.*, 658,961 (19th JDC 10/02/18) ($60,000 in general damages to plaintiff for pain and suffering related to lumbar disc herniation at L4-5 for which the plaintiff received one epidural steroid injection); *Giovengo v. State Farm Mut. Auto. Ins. Co.*, 2016-2973 (Civil District Court 03/13/17) ($85,000 in general damages to plaintiff for single, unoperated disc herniation and treatment that included one ESI); *Conforto v. Toscano*, 711-301 (24th JDC 03/30/16) ($91,750 in general damages for single disc herniation with recommended ESI treatments over five year period); *Aguillard v. Meiners*, 857 So.2d 1034 (La. App. 5th Cir. 2003) (trial court awarded plaintiff $125,000 for general damages for injuries resulting from car wreck where plaintiff was diagnosed with two non-operated herniated discs that were made symptomatic by the accident); *Anderson v. Tenneco Oil Co.*, 826 So.2d 1143 (La. App. 4th Cir. 5/22/02) (trial court awarded plaintiff $100,000 in general damages for non-operated protrusions in cervical spine); *Pannell v. Encompass Ins. Co.*, 956 So.2d 152 (La. App. 3rd Cir. 5/2/07) ($90,000); *Campbell v. Webster Parish Police Jury*, 828 So.2d 170 (La. App. 2nd Cir. 8/18/02) ($75,000).

The instant case is analogous to *Ambrose v. Taylor*, 2003 WL 21241807 (E.D. La. May 23, 2003). In *Ambrose*, the plaintiff was involved in a motor vehicle

accident with defendant driver Taylor. The plaintiff filed suit against Taylor, Taylor's insurer, and plaintiff's own uninsured motorist provider, National Automotive Insurance Co., which was a domestic company of Louisiana whose presence in the lawsuit destroyed diversity. The driver's insurer removed the case to federal court, arguing that the uninsured motorist carrier was a nominal defendant that destroyed diversity, and its citizenship should therefore be ignored. In denying the plaintiff's motion to remand, the court noted:

> National Automotive is not an indispensable party to the action. "Uninsured motorist coverage is intended to protect the insured at all times against the generalized risk of damages at the hands of uninsured motorists." *Jones v. Henry,* 542 So.2d 507, 508 (La.1989). However, the defendant in this case is insured. The $10,000 coverage amount of the UM provider would only become part of the settlement if the entire $1,000,000 policy coverage of Raider Express' insurer were awarded to the plaintiff. Taken together with this $1,000,000 coverage policy, any possible damage award to the plaintiff from the UM provider would be less than 1% of the possible damages awarded the plaintiff. Such an amount is clearly nominal. Furthermore, although the monetary sum of damages sought need not have been pleaded according to LA.Code Civ. Proc. Ann. art. 893(A)(1), it does not appear to be "facially apparent" that damages sought would exceed the $1,000,000 policy of Raider Express in this current cause of action and require those damages in excess of $1,000,000 to be sought from the defendant National Automotive. This leads the court to the conclusion that there is no reasonable basis to predict that plaintiffs could establish a claim against the nominal defendant.

*Ambrose v. Taylor*, 2003 WL 21241807 at *3.

Similarly, in the instant case, the $25,000.00 coverage amount of the Louisiana Farm Bureau policy would only become part of the settlement if the entire

$1,000,000 policy coverage of the United Specialty policy were awarded to the plaintiff. Taken together with this $1,000,000 coverage policy, any possible damage award to the plaintiff from the uninsured motorist provider would be nominal. Furthermore, it does not appear to be "facially apparent" that the damages sought would exceed the $1,000,000 policy of United Specialty policy in this case and require those damages in excess of $1,000,000 to be sought from Louisiana Farm Bureau.

Thus, after review of the record and the briefs, as well as the quantum study provided by the defendants, the undersigned concludes that it is unreasonable to suggest that each plaintiff could recover over $500,000 under the United Specialty based on the valuation evidence before the Court. Because there is no reasonable basis for the value of plaintiffs' claims against the Herian defendants to exceed the $1,000,000 policy limits of the United Specialty policy, there is no possibility of recovery against Louisiana Farm Bureau. Therefore, the citizenship of Louisiana Farm Bureau should be ignored, and the plaintiffs' motion to remand should be denied.

**IT IS RECOMMENDED** that the Motion to Remand filed by plaintiffs Jadi L. Boutin and Clemont Wilkerson [Doc. 11] be DENIED. It is FURTHER RECOMMENDED that Louisiana Farm Bureau be DISMISSED WITHOUT PREJUDICE from this matter, the undersigned having concluded that Louisiana

Farm Bureau is a nominal party from whom recovery is not reasonably possible.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, on this 14th day of December, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE